UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY KENNEDY (aka Gorton), individually and in her capacity as Personal Representative of the Estate of JAY D. (J.D.) KENNEDY, and as guardian for her children, KEITH TEUFEL and TERA TEUFEL,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, a municipal corporation and political subdivision of the State of Washington; THE CITY OF RIDGEFIELD, a municipal corporation; NOEL SHIELDS, CATHY DORIOT, CINDY GULL and JOHN DOES 1-10; MICHAEL THOMAS BURNS (aka HUMPHREY); ANGELA BURNS and MATTHEW JAMES BURNS, husband and wife,<br><br>Defendants. | NO. C01-5631 JKA<br><br>**PETITION FOR APPROVAL OF MINOR SETTLEMENTS WITH THE CITY OF RIDGEFIELD**<br><br>HEARING DATE: August 11, 2003 |

COMES NOW, John R. Connelly, Jr. and Lincoln C. Beauregard of the Law Offices of John R. Connelly, Jr. on behalf of minors Tera N. Teufel and Timothy ("Keith") Teufel, minors, and pursuant to SPR 98.16W, petition the above-entitled court for an order approving

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 1 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

two minor settlements with the City of Ridgefield. These are the second set of settlements reached in this case. This Court had previously approved a settlement with Clark County on August 12, 2003. Dan Albertson served at that time as the settlement Guardian *Ad Litem* appointed pursuant to SPR 98.16W to review the reasonableness of the settlement. At that time the Court was advised that the case was proceeding forward against the City of Ridgefield and included the stipulation in its Order that Mr. Albertson remain as Guardian *Ad Litem* to review any future settlements with the City of Ridgefield and/or Noel Shields.

Since that time this Court's ruling on qualified immunity had been appealed to the Ninth Circuit. The Ninth Circuit affirmed this Court's ruling on this issue. Defendant sought an *en banc* hearing on a motion for reconsideration. This motion was denied and the Court's ruling again upheld. Defendant then moved to stay issuance of the mandate to prepare a petition for certiorari to the United States Supreme Court.

In March and April of 2006 and, after the denial of the motion for reconsideration, a substantial amount of work was recommenced on the underlying case. Settlement demands and requests for policy limits were prepared and sent to counsel for the City of Ridgefield. Negotiations ensued. Negotiations and research then took place regarding the amounts of insurance assets available to the City of Ridgefield under the language of its policy of insurance with the Association of Washington Cities. Attorney Timothy Gosselin of Burgess Fitzer in Tacoma, serving as coverage counsel, became involved in the issue of the amount of coverage available and the issue of whether the policy was a waste policy. Ultimately, a proposed settlement was reached subject to the approval of this Court. The settlement is for

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 2 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

the remaining policy limits of the City of Ridgefield's policy of insurance with the Association of Washington Cities. The policy is a "waste" policy – meaning that the policy limits are diminished by the amount of defense costs. As a result of this work Plaintiffs felt that a policy limits demand should be issued at this time and settlement attempted at this time rather than waiting until a much later date because the amount of available insurance would be reduced by additional defense costs.

The petition for minor settlement is based upon the following facts – many of which are identical to the petition presented to this Court in August 2003:

### I.

Minor child Tera N. Teufel was born on January 19, 1989 to Kimberly Kennedy and Keith Teufel. Tera's current residence is with her mother at 29335 NE 72nd Avenue, Battleground, WA 98604. Tera is currently 17 years of age. She will turn 18 on January 19, 2007.

### II.

Minor child Timothy ("Keith") Teufel was born on January 18, 1991 to Kimberly Kennedy and Keith Teufel. Timothy's current residence is with his mother Kimberly Kennedy at 29335 NE 72nd Avenue, Battleground, WA 98604. Timothy is 15 years of age and will turn 18 on January 18, 2009.

### III.

Daniel M. Albertson was appointed Guardian *ad litem* for the two minor children by order of this Court. In approving the minor settlement on August 12, 2003, the Court Ordered

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 3 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

that Mr. Albertson continue as guardian *ad litem* to review any subsequent settlements with the City of Ridgefield or Noel Shields. Exhibit A.

## IV.

Keith Teufel is the natural father of Tera N. Teufel and Keith T. Teufel. Keith Teufel was married to Kimberly Kennedy at the time of these two children's births. However, he and Kimberly divorced during 1986. Since then, he has not been involved in the lives of the two minors.

## V.

The City of Ridgefield has agreed to settle claims against it filed by Kimberly Kennedy, Tera N. Teufel and Keith T. Teufel. A claim has also been filed by the Estate of Jay Kennedy. This settlement occurred through negotiations between John R. Connelly, Jr. and defense counsel Patrick McMahon of Carlson, McMahon & Sealby, PLLC in Wenatchee, Washington.

Kimberly Kennedy (Now Gorton) is permanently paralyzed as a result of the incident that gave rise to this lawsuit. It is proposed that the settlement be split with a present value amount of approximately $1.448 million dollars going to settle Kimberly Kennedy's case and the estate of Jay Kennedy and the remaining settlement funds split equally between the two minors. The settlement with Kimberly Kennedy would include an upfront payment and future periodic payments. This split would provide upfront payments of $80,000 each to Tera N. Teufel and Keith T. Teufel and future periodic payments as set forth in paragraph X below:

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 4 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

## VI.

As noted in the previous petition to approve minor settlements and as this Court is aware from the fact that the case was litigated before it, this case arises out of a shooting which occurred on September 25, 1998. At that time, the two minor children were living with Kimberly Kennedy and her husband Jay Kennedy at 29303 NW 71st Avenue, Ridgefield, WA 98642. As a result of this shooting Kimberly Kennedy was paralyzed from the waist down and Jay Kennedy was killed.

## VII.

The shooting occurred early in the morning on Friday, September 25, 1998 when 13 year-old Michael Thomas Burns (a.k.a. Humphreys) broke into the Kennedy residence and shot Jay and Kimberly Kennedy in the presence of their two young children, Tera and Timmy Teufel.

The Kennedy's home was located in an unincorporated portion of Clark County on the outside edge of the City of Ridgefield. By way of an inter-local agreement between the two municipalities, the Ridgefield Police Department (RPD) had primary responsibility for "first response" law enforcement calls that encompassed the Kennedy home. On September 6, 1998, Ridgfield Police Officers Shields and Ellingson met with Kimberly and her husband, Jay, to take down a report for an act of criminal molestation. Kimberly reported that a troubled thirteen-year old boy named Michael Burns had sexually assaulted her nine-year-old daughter, Tera Teufel.

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 5 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

The Kennedys informed Officer Shields of the RPD about more than the Burns' sexual molestation of Tera. Kimberly specifically made it a point to inform Shields that Michael had demonstrated dangerous propensities that were cause for serious concern. In making the complaint against Michael, Kimberly clearly expressed her fear for her family's safety because she was terrified as to what Burns might do upon learning that his criminal actions had been reported to the police.

Clark County's Child Assault Investigation Center, CAIC, was brought in under the inter-local agreement to investigate the complaint. Detective Cindy Bull of Clark County was assigned the file and was also informed that the Burns were not to be told of the identity of the informant.

After a few days had passed without any information, and on the recommendation of a RPD officer, Kimberly Kennedy called Detective Bull to check on the status of the investigation. She found that nothing had been done. Detective told Kimberly that she would call her back after she had a chance to read the file. During this conversation, Kimberly stated that she wanted to get the ball rolling and that she was "tired of going to bed every night scared to go to sleep because I didn't know what was going to happen that night or the next day." Detective Bull responded by saying that "she understood that they weren't supposed to contact the [Burns] until [Kimberly] was contacted," and that Kennedys "would be notified before the [Burns] family was notified." Thereafter, the first documented attempt to investigate the molestation by Detective Bull was not until September 22nd, now fourteen (14)

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 6 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

days after the molestation was first reported. This "contact" on September 22nd consisted of only *one* phone call to the Kennedy residence during which Detective Bull left a message.

Defendants acknowledge that interviewing officials from Michael Burns' school was part of Detective Bull's "investigative plan" regarding the September 6, 1998 molestation report. Had Detective Bull timely investigated this case, she would have learned of Michael's extensive and troubled disciplinary history which included repeated demonstrations of Michael escalating violent propensities. During a conversation the school principle had with Michael, he told her that it would be worth it for him to plan out and exact revenge on someone, even if he knew he would get in trouble for it. More information regarding Clark County's involvement in this case is included in the previous petition for approval of the settlement with Clark County.

On the morning of September 24, 1998, the events igniting Michael Burns demonstrated ferocity were put in motion, setting the stage for the shooting. Having become ever increasingly terrified for her family's safety, Kimberly placed a call to Officer Shields of the Ridgefield Police Department at 7:55 a.m. to again address her concerns. Officer Shields was not on duty at that time so Kimberly left him a message. At about 5 p.m. that same day, Officer Shields reported for duty and received Kimberly's message. Without returning her call, Officer Shields decided to drive to the Kennedy home to speak with Kimberly. However, without any explanation at all, Officer Shields then changed his mind and drove to the Burns house.

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 7 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

Upon arrival, Officer Shields spoke with Michael's mother, Angela, at the threshold of her front door. During that conversation, Officer Shields, for some unknown reason, and contrary to policy, chose to wrongly take the investigation back into his own hands even though it was presently under the control of CAIC. By doing so, Officer Shields also broke the assurances he had previously made to Kimberly, thus igniting the violent rage that simmered within Michael Burns and which the Ridgefield Police Department was aware of, and had been specifically been told about. While acting in his official capacity as a law enforcement officer, Officer Shields violated the standard investigation protocols, ignored the inter-local agreement between Clark County and the City of Ridgefield, neglected to use reasonable care, demonstrated deliberate indifference to the express concerns which had been brought to the RPD's attention, and broke his express assurances to Kimberly Kennedy, by informing Ms. Burns about the molestation investigation against her son, Michael Burns. He conducted this conversation, despite having full knowledge of Michael's dangerous propensities. Later that evening, Ms. Burns told Michael of the molestation investigation against him.

When Jay and Timmy returned home late that evening, Kimberly told Jay about what had transpired and that she was frightened. She told Jay that Officer Shields had reassured her that he would patrol the area around their house and around the Burns' house, and that he had said not to worry, they would fine. Because of these assurances from Officer Shields, Jay and Kim decided to "leave immediately in the morning and get out of town."

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 8 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

Kimberly's fears became reality when Michael Burns, propelled by anger, entered the Kennedy home in the still of the night, with a gun. When he left the Kennedy home moments later, Jay Kennedy lay dead on the bedroom floor and Kimberly laid paralyzed in bed struggling for breath and pleading with her frightened children to call the police for help.

Officer Shields notification of the Burns family of the identity of the informant was directly contrary to policy and permitted this crime to occur. His actions demonstrated deliberate indifference to the warnings and concerns brought to the RPD's attention. His representations regarding providing patrol coverage were not accurate and the promised patrol coverage did not occur. Nothing was done to prevent Michael Burns from going directly to the Kennedy home and acting out his revenge despite the direct warnings that this is precisely what would occur.

## VIII.

Claims were brought by the personal representative, Kimberly Kennedy, on behalf of herself and the two minor children. A claim has also been filed on behalf of the Estate of Jay Kennedy. Claims were based on 42 USC Sec. 1983 as well as state law claims for negligence. The qualified immunity issue under Sec. 1983 had been appealed to the Ninth Circuit. Plaintiffs prevailed. Had they not done so the negligence claims would still have proceeded forward.

## IX.

Defendants argued that they had no duty to prevent this occurrence, that the Kennedy's should have left town rather than relying on Officer Shield's representations, that the actions of Officer Shields and the Ridgefield Police Department met all standards of care

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 9 of 15
(C01-5631 JKA)

and that the requirements of 42 U.S.C. Sec. 1983 had not been met under the circumstances of this case. Defendants appealed the qualified immunity issue and then appealed for an *en banc* hearing before the Ninth Circuit after this first appeal was unsuccessful. The arguments of defendants are set forth in the published opinions and dissents filed as a result of those appeals. Liability and legal obligations were strongly contested.

### X.

This case was originally scheduled to go to trial on May 12, 2003. The claims against Clark County had been settled in 2003 after mediation with Greg Bertram of Judicial Arbitration and Mediation Services in Seattle. The issue of qualified immunity was then appealed by the City of Ridgefield and the case has been on appeal for approximately three years. After two unsuccessful appeals in the Ninth Circuit, defendants sought to stay issuance of the mandate while they petitioned for an appeal to the United States Supreme Court. Their motion to stay issuance of the mandate was granted.

As noted, the parties recently entered into settlement discussions. Policy limits demands and a settlement contract were sent to defendants and to the Association of Washington Cities, defendants' insurance pool and settlement negotiations occurred. Work was done regarding a number of insurance issues including issues relating to the claims that the policy was a waste policy. Additional time to respond to the demand was requested by defendants and permitted by plaintiffs. Ultimately, negotiations proved fruitful and a settlement agreement reached which provides the following payments to the minors:

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 10 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

## XI.

It is proposed that the minors' portion of the settlement occur as follows. It is intended that these payments fit with the prior periodic payments approved by this Court as a result of the settlement with Clark County.

### A. Tera N. Teufel

1. Upfront payment $80,000.

| 2. Periodic payments as follows: | Guaranteed Benefits | Expected Benefits |
|---|---|---|
| A. Beginning at age 18 (01/19/2007), $465 payable monthly for 17 years certain only. | $94,860 | $94,860 |
| Last guaranteed payment is due 12/19/2023. | | |
| B. At age 35 (01/19.2024), a lump sum payment of $100,000. | $100,000 | $100,000 |
| **Total** | **$194,860** | **$194,860** |

The present value cost of the future periodic payments is $100,000 and the rate of return 5.56%, Exhibit B.

### B. Keith T. Teufel

1. Upfront payment $80,000.

| 2. Periodic payments as follows: | Guaranteed Benefits | Expected Benefits |
|---|---|---|
| A. Beginning at age 18 (01/18/2009), $562 payable monthly for 17 years certain only. | $114,648 | $114,648 |

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 11 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

Last guaranteed payment is due 12/18/2025.

B.   At age 35 (01/18/2026),

    a lump sum payment of $100,000.     $100,000     $100,000

                     **Total**   **$214,648**   **$214,648**

The present value cost of the future periodic payments is $100,000 and the rate of return 5.65%, Exhibit C.

## XII.

The plaintiffs have been represented by John R. Connelly, Jr., Lincoln C. Beauregard of the law offices of John R. Connelly, Jr. The fee agreement in light of the appeals is a contingent fee of forty three percent on each claim. This fee will be split between the Law Offices of John R. Connelly, Jr. and the Paulson Firm on a 80% / 20% basis with 80% going to the law offices of John R. Connelly, Jr. and 20% going to the Paulson Firm.

## XIII.

Litigation costs from the time of the appeal to date total $4,738.49. These costs have been paid by Kimberly Gorton-Kennedy from her funds from the first settlement. The amount of $1,579.50 should be allocated from each minor settlement to pay for these costs.

## XIV.

It is understood and agreed that Defendants may make a "qualified assignment" of their obligation to make the aforesaid future periodic payments to Prudential Assigned Settlement Services Corporation (Assignee). Plaintiffs consent to this assignment and accept such obligation as a direct obligation of Prudential Assigned Settlement Services Corporation and in substitution of the obligation by Defendants. It is understood and agreed that

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 12 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON  98403
(253) 593-5100 - FACSIMILE (253) 593-0380

Prudential Assigned Settlement Services Corporation will fund the obligation to make future periodic payments by purchasing an annuity from The Prudential Insurance Company of America, rated A+ (Superior) by A.M. Best (See exhibits B & C). It is further understood and agreed that The Prudential Insurance Company of America will issue a Statement of Guarantee, guaranteeing Prudential Assigned Settlement Services Corporation with respect to the obligation assumed. Exhibit D.

### XV.

Daniel M. Albertson was duly appointed Guardian *ad litem* for the minors for purposes of investigating the adequacy of the minor settlements by order of this Court. A report from Mr. Albertson with regard to the first settlement was filed and a subsequent report with regard to this settlement will be filed separately with the Court.

### XVI.

Wherefore, petitioners pray as follows:

1. That the settlement with Defendant City of Ridgefield and/or it's respective representatives or subdivisions for settlement of damages to the two minor children, Tera N. Teufel and Keith T. Teufel, as set forth herein be approved by the Court in accordance with Washington law and SPR 98.16W.

2. That the law offices of John R. Connelly, Jr. be authorized to disburse the up-front settlement funds for the minors from the settlement as follows:

    (a)   To Daniel M. Albertson for Guardian                $660.00
          Ad Litem fees in this case

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 13 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

|  |  |  |
|---|---|---|
| (b) | To Kimberly Gorton-Kennedy<br>For litigation costs<br>incurred in handling the case of<br>Tera N. Teufel | $1,579.50 |
| (c) | To Kimberly Gorton-Kennedy<br>for litigation costs<br>incurred in handling the case of<br>Keith T. Teufel | $1,579.50 |
| (d) | To The Law Offices of John R. Connelly, Jr.<br>for attorneys fees<br>incurred in handling the case on behalf of<br>Tera N. Teufel | $61,920 |
| (e) | To The Law Office of John R. Connelly, Jr,<br>for attorneys fees<br>incurred in handling the case on behalf of<br>Keith T. Teufel | $61,920 |
| (h) | To the Paulson Firm for attorney fees,<br>incurred in handling the case on behalf of<br>Tera N. Teufel | $15,400 |
| (i) | To the Paulson Firm for attorney fees,<br>incurred in handling the case on behalf of<br>Keith T. Teufel | $15,400 |

3.   That Kimberly Kennedy as guardian of the persons and estates of Tera N. Teufel and Keith T. Teufel be authorized pursuant to the laws of the state of Washington be authorized to sign all appropriate documentation to put the settlements into place as described

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 14 of 15
(C01-5631 JKA)

LAW OFFICES OF
JOHN R. CONNELLY, JR.
2301 North 30th
TACOMA, WASHINGTON 98403
(253) 593-5100 - FACSIMILE (253) 593-0380

herein. That the above described periodic payment plan on behalf of Tera N. Teufel and Keith T. Teufel is hereby approved by the Court and that the settlement and allocation of funds as herein described be approved by the Court as reasonable under all circumstances of this case.

4. That Mr. Albertson's fees be approved as reasonable and that Daniel M. Albertson be discharged as Guardian *Ad Litem* now that his work is concluded.

5. That, the up-front payments in this case be made directly to the trust account at the Law Offices of John R. Connelly, Jr. for disbursement as set forth in this Order.

Dated this __3__ day of August, 2006.

THE LAW OFFICES OF JOHN R. CONNELLY, JR.

By: _____
John R. Connelly, Jr., WSBA No. 12183
jconnelly@connelly-law.com
Lincoln C. Beauregard WSBA No. 32878
lincolnb@connelly-law.com
Attorneys for Plaintiffs

PETITION FOR APPROVAL OF
MINOR SETTLEMENTS WITH
THE CITY OF RIDGEFIELD - 15 of 15
(C01-5631 JKA)